DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Patrick Mendicino, appeals from his conviction in the Cuyahoga Falls Municipal Court. We affirm.
 I. {¶ 2} On July 28, 2004, Appellant was at Blossom Music Center ("Blossom"). Deputy Robert Calderone is assigned to the Summit County Drug Unit and was working as an undercover officer at Blossom on July 28, 2004. Deputy Calderone was in the parking lot of Blossom at approximately 2:55 p.m. when he observed two males seated in a parked vehicle approximately ten feet from him. Deputy Calderone observed one of the males (later identified as Daniel Lipton), light a marijuana cigarette and pass it to Appellant, who inhaled and passed it back to Lipton. Deputy Calderone then approached the two, identified himself and confiscated the marijuana cigarette. Both Lipton and Appellant were charged with violating R.C. 2925.11, which prohibits a person from knowingly possessing or using a controlled substance.
 {¶ 3} Detective Edward Vanadia of the Cuyahoga Falls Police Department, who is trained and certified for marijuana identification, examined the cigarette and performed chemical tests which indicated that the cigarette was indeed marijuana. The Ohio Bureau of Identification and Investigation also performed a test which confirmed that the cigarette was marijuana. Lipton pled guilty to the charge. Appellant was tried in front of a magistrate in Cuyahoga Falls Municipal Court on September 7, 2004. At trial, Deputy Calderone and Detective Vanadia testified for the State while Appellant and Lipton testified for the defense. Both Appellant and Lipton testified that Appellant did not smoke the marijuana. The defense presented evidence of a drug test of Appellant conducted ten days after the citation which indicated a negative result for marijuana.
 {¶ 4} The magistrate entered a written report and recommendation on September 10, 2004 in which he found Appellant guilty. On September 24, 2004, Appellant filed a written objection to the magistrate's report, claiming that the evidence was insufficient to support a finding of guilt. The trial court overruled Appellant's objections, finding that the evidence was sufficient to support the possession conviction, adopted the Magistrate's decision, finding Appellant guilty.
 {¶ 5} Appellant timely appealed the trial court's judgment, raising two assignments of error for our review. Appellant's assignments of error have been combined for purposes of discussion.
 {¶ 6} Appellant has timely appealed his conviction, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"THE MAGISTRATE'S DECISION (AFFIRMED BY THE TRIAL COURT) FINDING 
APPELLANT GUILTY OF MARIJUANA POSSESSION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 ASSIGNMENT OF ERROR II
"THE DECISION OF THE MAGISTRATE (AFFIRMED BY THE TRIAL COURT) FINDING APPELLANT GUILTY OF MARIJUANA POSSESSION WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE."
 {¶ 7} In his two assignments of error, Appellant claims that his conviction was against the manifest weight of the evidence and insufficient evidence was produced to establish his conviction. An evaluation of the weight of the evidence is dispositive of both issues in this case.
 {¶ 8} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *4, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). Further,
"[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *5.
Therefore, we will address Appellant's claim that his conviction was against the manifest weight of the evidence first, as it is dispositive of Appellant's claim of insufficiency.
 {¶ 9} Although Appellant contends that we must conduct a de novo review of the trial court's decision to determine whether it is against the manifest weight of the evidence, this is not the proper standard of review. When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 10} Appellant argues that his conviction is against the manifest weight of the evidence because both Appellant and Lipton testified that Appellant did not inhale and furthermore, the drug test conducted ten days after the citation was issued indicated a negative result for marijuana in Appellant's blood system.
 {¶ 11} Appellant was convicted under R.C. 2925.11, which provides in part "(A) No person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.11 thus punishes either the use or possession of controlled substances. R.C. 2925.01(K) provides the pertinent definition of possession and states:
"`Possess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
R.C. 2901.21(D)(1) governs criminal liability for possession and states
"Possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession."
 {¶ 12} Appellant does not contest that he held the marijuana but only contests whether he inhaled the cigarette. However, evidence that Appellant did not inhale the marijuana is not sufficient grounds upon which to reverse the conviction, as there is undisputed evidence that Appellant held the marijuana and thus possessed it. Appellant does not contest Deputy Calderone's testimony that he watched Appellant take the marijuana cigarette from Lipton's hand and place it to his lips to smoke and then pass it back to Lipton. Appellant's conduct of holding the marijuana cigarette in his hand is sufficient to convict him of possession of marijuana, under R.C. 2925.11.
 {¶ 13} After a review of the record, this Court cannot conclude that the trial court created a manifest miscarriage of justice in finding Appellant guilty under R.C. 2925.11. As this Court has disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his challenge to its sufficiency. Roberts, supra, at *5. Consequently, Appellant's two assignments of error are overruled.
 III. {¶ 14} Appellant's assignments of error are overruled, and the judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Carr, J. concur.